IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
04 FEB 13 PM 2:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT E. YORK, et al.,

    Plaintiffs,

v.

GUS KING, et al.,

    Defendants.

CIVIL ACTION NO.
04-AR-0206-M

ENTERED
FEB 13 2004

### MEMORANDUM OPINION

    The court has before it plaintiffs' motion to compel arbitration and for a preliminary injunction to enforce the status quo pending binding arbitration in relation to a real estate sales contract between plaintiffs and two of the defendants. The court conducted an expedited hearing because of the possible significance of action taken, or inaction, on or before February 15, 2004, as it may affect the rights of the parties.

    Because the dispositive facts are not in dispute, the court did not take evidence. Instead, the court heard oral argument, including argument in support of and in opposition to the motion to dismiss filed by two of the defendants. The other defendant is a fictitiously named corporation and was not served. It was ignored at the hearing and will be ignored in this opinion and in the accompanying order.

    For reasons articulated in open court and in *Fidelity Warranty Services, Inc. v. Kidd*, 45 F. Supp. 2d 1284 (N.D. Ala. 1999), the court concludes that it lacks subject-matter jurisdiction. The



amount involved in the underlying controversy does not prevent the mere right to arbitrate from being of speculative and indeterminate value. The same is true of the value of ancillary injunctive relief. Any order compelling arbitration would necessarily include a recognition of the fact, implicit in the concept of binding arbitration, that the arbitrator is empowered to grant injunctive relief as necessary to accomplish a complete and just result. In other words, plaintiffs' addition of a request for injunctive relief that could be granted in an arbitration that cannot be compelled for lack of jurisdiction, cannot constitute a separate jurisdictional vehicle. It is a mere redundancy.

Plaintiffs' attempt to invoke the supplementary jurisdiction of this court under 28 U.S.C. § 1367 is also ineffectual because a claim over which this court has original jurisdiction must first exist before a supplementary claim can be attached. This court lacks original jurisdiction of the motion to compel arbitration.

There are some intriguing twists and turns in this case, some of which were explored during oral argument, but the court does not start those twists and turns with the parties unless and until it is satisfied of its own subject-matter jurisdiction. Therefore, having concluded that it lacks such jurisdiction, a separate order of dismissal without prejudice will be entered.

DONE this  13th  day of February, 2004.

*/s/ William M. Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE